**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIGUEL RODRIGUEZ-SEVERINO<br><br>Plaintiff<br><br>v.<br><br>UTC AEROSPACE SYSTEMS<br><br>Defendant | CIVIL NO. 17-02227 (FAB)<br><br>RE: TITLE VII RETALIATION; USERRA DISCRIMINATION AND RETALIATION; PUERTO RICO LAW 115 RETALIATION<br><br>TRIAL BY JURY DEMAND |

## ANSWER TO THE COMPLAINT

TO THE HONORABLE COURT:

COMES NOW defendant Hamilton Sundstrand de Puerto Rico, Inc., a/d/b UTC Aerospace Systems (hereinafter "UTAS" and/or the "Company"), through its undersigned attorneys, and very respectfully states and prays as follows:

1. The allegations in paragraph 1 of the Complaint do not require a responsive pleading. Should they require a responsive pleading, UTAS denies all allegations of paragraph 1 of the Complaint and expressly denies that it retaliated or discriminated against Plaintiff Miguel Rodríguez-Severino (hereinafter "Rodríguez").

2. UTAS denies paragraph 2 of the Complaint, except that it only admits that in March 2016, Rodríguez and other members of UTAS' Environmental, Health & Safety Department participated in a seminar provided by a third-party instructor.

3. UTAS denies paragraph 3 of the Complaint, except that it only admits that Rodríguez filed a complaint with the Company's Ombudsman program; specifically in March 2016. UTAS affirmatively alleges that Mr. Kenneth Cariño did not become aware of the internal complaint filed by Rodríguez until the discrimination charge filed by him on November 7, 2016, before the Equal Employment Opportunity Commission ("EEOC"), was received by UTAS.

UTAS expressly denies that Cariño and/or any other of UTAS' officials retaliated or discriminated against Rodríguez.

4. UTAS denies paragraph 4 of the Complaint.

5. UTAS denies paragraph 5 of the Complaint.

6. UTAS denies paragraph 6 of the Complaint.

7. UTAS denies paragraph 7 of the Complaint, except that it only admits that on or around July 24, 2017, Rodríguez was transferred to another department in order to give him an opportunity to improve his poor performance and attitude, where he maintained his EH&S functions in a different role, while not being in any way adversely impacted salary and benefits. UTAS affirmatively alleges that Rodríguez was hired for an indefinite period of time and that his transfer should not impede his career growth.

8. The allegations in paragraph 8 of the Complaint do not require a responsive pleading insofar as they constitute statements of legal jurisdiction and venue. However, UTAS denies the statements contained in this paragraph insofar as a response may be warranted.

9. In regards to the first sentence of paragraph 9 of the Complaint, UTAS admits that Plaintiff filed a discrimination charge before the EEOC; specifically on November 7, 2016 and that the right to sue letter is dated July 6, 2017. UTAS denies the rest of paragraph 9 of the Complaint.

10. UTAS denies that Plaintiff is entitled to the relief requested in sub-sections (1) through (5), of the section after the paragraph beginning with "Wherefore." UTAS expressly denies that Plaintiff is entitled to any relief.

11. UTAS denies all allegations in the Complaint that it did not expressly admit in its Answer to the Complaint.

## AFFIRMATIVE DEFENSES

a. UTAS re-alleges and incorporates by reference the preceding paragraphs of this Answer to the Complaint, as if fully set forth herein.

b. The <u>Complaint</u>, or parts thereof, fails to state a claim or cause of action upon which relief can be granted for the Plaintiff and against UTAS.

c. Some of or all of Rodríguez' allegations as to the time and place of the alleged discriminatory actions and/or statements are vague and ambiguous, and thus, do not meet the requirements of Fed.R.Civ.P. 9(f).

d. Plaintiff is not entitled to any remedy or relief under any of the statutes invoked in the <u>Complaint</u>.

e. The claims are in whole or in part barred by the applicable statutes of limitations.

f. Plaintiff unreasonably failed to exhaust the internal procedures and remedies available, and the preventive or corrective opportunities that the employer provided.

g. Plaintiff did not exhaust procedural prerequisites or other administrative remedies for some or all of the claims alleged in the <u>Complaint</u>.

h. Lack of jurisdiction.

i. Causes of action and facts which were not included in the charge filed by Rodríguez with the EEOC which led to this <u>Complaint</u> are precluded for failure to exhaust administrative remedies, among other things, and should therefore be dismissed.

j. At all relevant times, UTAS had a policy in place prohibiting discrimination as well as policies against harassment and retaliation, and made efforts to ascertain that its employees and officials comply with them.

k. Plaintiff received a copy and/or had knowledge of UTAS policies prohibiting discrimination, harassment and retaliation. Rodríguez was well aware of UTAS' policies prohibiting discrimination, harassment and retaliation.

l. UTAS did not discriminate against Rodríguez by reason of his military status or any other protected classification, protected conduct, or any other basis forbidden by USERRA or any other applicable law.

  m. UTAS did not engage in any conduct which may constitute discrimination on the basis of any protected classification under the statute invoked.

  n. Plaintiff was not subject to disparate treatment, retaliation, or harassment or any sort.  The alleged incidents of discrimination, harassment and/or retaliation did not take place.

  o. The alleged incidents of discrimination and/or retaliation did not take place.

  p. Rodríguez has failed to set forth a *prima facie* case of discrimination and/or retaliation on the basis of any of the statutes invoked in the Complaint.

  q. UTAS has not infringed upon any of Rodríguez' rights under Title VII or USERRA, nor any other applicable federal or local statutes.

  r. UTAS did not retaliate against Rodríguez in violation of Title VII or USERRA or any other applicable statute.

  s. Rodríguez did not engage in a protected activity.

  t. Rodríguez does not possess a good-faith, reasonable belief that UTAS' conduct was discriminatory or retaliatory.

  u. Rodríguez did not suffer an adverse employment action as a result of engaging in a protected activity.

  v. Any act or omission which may be attributed to UTAS was based on legitimate business considerations that had nothing to do with Rodríguez' alleged protected activity.

  w. There is no causal connection between a protected activity in which Rodríguez engaged and an adverse employment action he suffered.

  x. Rodríguez has not performed to UTAS's legitimate expectations.

  y. Rodriguez cannot establish that UTAS' acts or omissions were pretextual.

  z. Every act or omission that may be attributed to UTAS was based on legitimate, non-discriminatory and non-retaliatory business considerations that had nothing to do with plaintiff's protected activity.

aa. UTAS has always acted in good bad faith. UTAS has never acted willfully or maliciously with respect to the alleged events on which the <u>Complaint</u> is based or with respect to any present or future events whatsoever that could be directly or indirectly related to the facts alleged therein.

bb. Plaintiff did not suffer damages. In the alternative, they were caused by Rodríguez own conduct and/or omissions and not by UTAS' conduct, nor any person under their control.

cc. In the alternative, there is no causal relationship between any act or omission which may be attributed to UTAS and the damages alleged in the <u>Complaint</u>.

dd. In the alternative, Plaintiff engaged in contributory negligence and his alleged damages, if any, should be reduced in direct proportion to her negligence.

ee. In the alternative, Plaintiff is solely responsible for the alleged damages and he is barred from maintaining this action against UTAS by reason of Plaintiff's own negligence or other wrongful conduct, which caused the damages alleged in the <u>Complaint</u>.

ff. In the alternative, Plaintiff has a duty to mitigate the damages requested in the <u>Complaint</u> and the same should be denied or substantially reduced to the extent that he has not mitigated them.

gg. In the alternative, the damages requested by Plaintiff are imaginary, fictitious, grossly exaggerated and speculative.

hh. There is duplicity in the remedies that the Plaintiff is seeking.

ii. Some or all of the damages requested by plaintiff are subject to statutory limits.

jj. Rodríguez is not entitled to compensatory damages.

kk. Rodríguez is not entitled to back pay and/or front pay.

ll. Plaintiff is not entitled to a jury trial in all the claims or cause of action alleged in the <u>Complaint</u>.

mm. The quantities claimed by plaintiff are not adequately specified.

nn. Plaintiff's claims are barred by the doctrine of estoppel.

oo. Supplemental jurisdiction over the pendent or supplemental claims is not appropriate.

pp. Plaintiff is not entitled to attorney's fees, costs, litigation expenses or disbursements.

qq. UTAS reserve the right to file a Rule 12(b) dispositive motion in order to seek dismissal of any of the causes of action asserted in the <u>Complaint</u>.

rr. UTAS reserve the right to raise additional defenses and/or amend the present <u>Answer to the Complaint</u> after completion of discovery.

WHEREFORE, and in view of the foregoing, UTAS respectfully requests that this Honorable Court enter judgment dismissing the <u>Complaint</u> in its entirety with the imposition of costs and attorney's fees upon Plaintiff, and granting UTAS such other relief as this Honorable Court deems just and appropriate.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants indicated in the Notice of Filing.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 14th day of May, 2018.

        McConnell Valdés LLC
        Attorneys for Defendant
        PO Box 364225
        San Juan, PR 00936-4225

        s*/Miguel A. Rivera-Arce*
        Miguel A. Rivera-Arce
        USDC-PR No. 221910
        Tel. (787) 250-5634
        Fax (787) 759-8282
        mar@mcvpr.com

        *s/Iraida Diez*
        Iraida Diez
        USDC-PR No. 217702
        Tel. (787) 250-5817
        Fax (787) 759-8282
        id@mcvpr.com